UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KWESI CLARKE, | : | Civil No. 04-3950 (FLW) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| JOHN D'AMICO, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    KWESI CLARKE
    Kintock Halfway Program
    Building 3, 50 Fenwick Street
    Newark, New Jersey  07114
    Plaintiff Pro Se

**WOLFSON**, District Judge

Plaintiff Kwesi Clarke seeks to bring this action for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee.  See 28 U.S.C. § 1915(a). The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

Plaintiff asserts the following facts in the Complaint and supplement to the Complaint. He alleges that on January 23, 2004, while he was incarcerated at South Woods State Prison, the New Jersey State Parole Board granted his release on parole effective July 14, 2004, and recommended that he be transferred to a halfway house prior to that date. He asserts that on June 15, 2004, officials informed him that there was not enough time to place him in a halfway house

prior to July 14, 2005. He alleges that on July 7, 2004, prison officials mistakenly placed an administrative hold on his parole release date. He asks this Court to order injunctive relief ordering parole officials to "provide a Handbook to prisoners explaining the parole process, including criteria used to determine if a parolee should be transferred to a custodial program . . . [and] to cease the use of halfway back programs as a continued form of imprisonment." (Compl. ¶ 7.)

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his constitutional rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).  As there is no question that Defendants were acting under color of state law, West, 487 U.S. at 48, the Court will now examine the Complaint to determine whether Plaintiff may be entitled to relief under § 1983 for alleged violation of his constitutional rights.

A.  Injunctive Relief

Plaintiff asks this Court to grant injunctive relief directing state prison and parole officials to provide prisoners a handbook explaining the parole process in New Jersey and to cease using halfway house programs as a continued form of imprisonment once the parole board has approved an inmate's release on parole.  These claims for injunctive relief are not cognizable under § 1983, however, because Plaintiff lacks standing to seek injunctive relief on behalf of

prisoners since he was released on parole on August 10, 2004, two days before he executed the Complaint.

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-9 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

Standing is a constitutional principle that prevents federal courts from undertaking tasks assigned to the executive or legislative branches of government. Lewis v. Casey, 518 U.S. 343, 349 (1996). As the Supreme Court observed:

> It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution. . . . But the distinction between the two roles would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly.

Id.

To satisfy Article III's standing requirements, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed

by a favorable decision." <u>Friends of the Earth Inc. v. Laidlaw Environmental Services (TOC), Inc.</u>, 120 S. Ct. 693, 704 (2000).  To establish an "injury in fact", a plaintiff must show that he has "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 101-2 (1983) (citations and internal quotation marks omitted).

The plaintiff bears the burden of establishing standing.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992).  The plaintiff must "clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements" in the Complaint, insofar as a federal court "is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."  <u>Whitmore</u>, 495 U.S. at 155-6.  In determining standing, the Court must consider "the specific . . . constitutional claims that a party presents" and examine "a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."  <u>International Primate Protection League v. Administrators of the Tulane Ed. Fund</u>, 500 U.S. 72, 77 (1991).  The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.  <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted).

In this case, Plaintiff seeks injunctive relief on behalf of inmates, but he was not an inmate when he executed the Complaint on August 12, 2004.  As the Supreme Court explained,

> Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. The reasons are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not. See Ashwander v. TVA, 297 U.S. 288, 345-348, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (offering the standing requirement as one means by which courts avoid unnecessary constitutional adjudications). Second, third parties themselves usually will be the best proponents of their own rights.

Singleton v. Wulff, 428 U.S. 106, 113-14 (1976).

Because Plaintiff is no longer a prisoner, he lacks standing to seek injunctive relief on behalf of prisoners. See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Hassine v. Jeffes, 846 F.2d at 1175-176, n.3; Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981). Since no other relief is requested, the Court will dismiss the Complaint for lack of standing.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint.

The Court will enter an appropriate Order.

                                          S/Freda L. Wolfson  
                                          FREDA L. WOLFSON, U.S.D.J.

Dated:  May 24, 2005